John L. McClain and Associates
PO Box 123
Narberth, PA 19072

Phone: (215) 893-9357
Bar Number: 56081

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

IN RE:    **George T. Jubilee, Jr.**
xxx-xx-9661

§
§
§
§
§

*Debtor(s)*

CASE NO    **16-11290 amc**

CHAPTER    **13**

*SECOND AMENDED 2/25/2017*
**CHAPTER 13 PLAN**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:

COMES NOW, George T. Jubilee, Jr., Debtor herein, and proposes the following plan under Chapter 13 of the Bankruptcy Code:

1. The debts of DEBTOR(S) duly proved and allowed shall be paid to the holder thereof in accordance with the provisions of Chapter 13 of the Bankruptcy Code and this Plan.

2. The future earnings of DEBTOR(S) are submitted to the supervision and control of this Court, and DEBTOR(S) shall pay to the TRUSTEE a sum of __$300.00__ on the __27th__ day of each month commencing on __March 27, 2016__ and continuing on the __27th__ day of each and every succeeding month thereafter for a full term (duration) of this plan. This plan shall be for __36 months__.

3. From the payments received, the TRUSTEE will make disbursements in the following order:

    **(a). Administrative Expenses:** The TRUSTEE shall FIRST pay the expenses as prescribed by the Court, for administration of this plan.

| Name of Creditor | Type | Amount | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| John L. McClain and Associates | Attorney Fees | $6,000.00 | 0% | First Funds |  | $6,000.00 |

    **(b). Priority Claims:** All Claims entitled to priority under Section 507 of the Bankruptcy Code will be paid as follows:

| Name of Creditor | Claim Amount | Amount Entitled To Priority | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|

    **(c). Secured Claims:** Secured creditors, whose claims are duly and timely filed, approved and allowed will be treated as follows:

    **(1). Valuation of Collateral:** The Creditors listed below have a claim secured by a lien on the collateral shown and the claim of each creditor is secured to the extent of the fair market value of such property. The value of such creditor's interest in such collateral is as set forth hereinbelow and such fair market value set hereinbelow is binding as to each such creditor. Pursuant to the Bankruptcy Code, the Debtor(s) ask the Court to value the collateral shown as indicated below and to determine what portion, if any, of the following claim or claims are secured and what portions are unsecured. The purpose of this plan provision and valuation is to clearly provide that once Debtor(s) have paid such fair market value through the TRUSTEE, the lien of each such secured creditor shall be deemed invalid and, at such time, each creditor shall immediately execute and deliver any and all necessary documents to effectuate release of such lien and delivery of an unencumbered title to the Debtor(s).

| Name of Creditor | Collateral Description | Fair Market Value |
|---|---|---|

Each secured creditor described herein shall retain the lien existing prior to the commencement of the case only to the extent of the value of the collateral and to secure payment of the allowed amount of its claim. In the case of each secured creditor listed in this section, the allowed amount is the fair market value set forth herein. Once the allowed secured amount has been satisfied through the Plan, the creditor's lien will have been satisfied in full and the lien will no longer exist. Upon payment of the secured portion of a creditor's claim, the creditor shall immediately release its lien and deliver clear title to the Debtor(s).

*\* Variable payments are scheduled, please see Pro Forma, if attached.*

(H) **George T. Jubilee, Jr.**
(W)
(C#) **16-11290 amc**

**CHAPTER 13 PLAN**                                                                    Page 2

**(2). Payment of Secured Claims:** Secured creditors, whose claims are duly and timely filed, approved and allowed, will be paid as follows:

| Name of Creditor   | Amount Claimed | Principal Amt | Interest Rate | Monthly  | Term | Total Paid |
| Collateral         | Value of Collat. | to Be Paid    |               | Payment  |      |            |
|--------------------|----------------|---------------|---------------|----------|------|------------|
| City of Philadelphia | $973.74      | $973.74       | 0%            | Pro-Rata | 1-28 | $973.74    |
| home               | $0.00          |               |               |          |      |            |
| City of Philadelphia | $345.97      | $345.97       | 9%            | Pro-Rata | 1-28 | $385.08    |
| home               | $0.00          |               |               |          |      |            |

**(3). Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor(s) exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph (e) below:

| Name of Creditor | Collateral Description | Amount of Claim |
|------------------|------------------------|-----------------|

**(d). Special Class:** The following specially classified claims shall be paid as follows:

| Name of Creditor | Claim Amount | Principal Amt. To Be Paid | Interest Rate | Monthly Payment | Term | Total Paid |
|------------------|--------------|---------------------------|---------------|-----------------|------|------------|

**(e). Unsecured Claims:** Unsecured claims will be paid pro rata by the TRUSTEE after payment of the aforementioned categories, to creditors who have duly and timely filed and proved their claim, with the same having been allowed by the Court, with such payments or dividends to be paid in lieu of the debt and in satisfaction of the debts of such creditors.

**(f).** No interest, penalty or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on claims to fully secured creditors in accordance with 11 U.S.C. § 506(b).

**4.** DEBTOR(S) shall pay direct the following debts outside the Plan:

| Name of Creditor | Collateral Description | Monthly Amount | Balance |
|------------------|------------------------|----------------|---------|
| Pa Housing Finance Age | home | $1,130.00 | $137,000.00 |

**5.** The following secured claims are not dealt with in the DEBTOR(S)' plan, therefore, upon confirmation of the DEBTOR(S)' Chapter 13 Plan, the automatic stay provisions of 11 U.S.C. § 362 will be terminated and annulled with respect to each of the following claims:

| Name of Creditor | Collateral Description | Claim | Value | Deficiency |
|------------------|------------------------|-------|-------|------------|

The automatic stay provisions of 11 U.S.C. Sec. 362 remain in effect as to DEBTOR(S).
The remaining portion of the debt (deficiency), if any, shall be treated as any other general unsecured claim under this plan.

**6.** All executory contracts of the DEBTOR(S) will be assumed unless specifically rejected herein. The following executory contracts and/or leases are ASSUMED or REJECTED as indicated below:

| Name of Creditor | Contract is Assumed/Rejected |
|------------------|------------------------------|

**7.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S).

**8.** The Court may, from time to time, during the period of the plan, extend, increase or reduce the amount of any of the installments provided for by the plan, or extend or shorten the time for any such payments where it shall be made to appear, after such hearing, upon such notice as the Court may designate, that the circumstances of DEBTOR(S) so warrant or so require; provided, however, that nothing in this plan shall be construed to prevent the granting of a discharge of DEBTOR(S) as provided in 11 U.S.C. § 1328.

**9. Post-Confirmation Cure or Waiver of Default:**
Any default of the DEBTOR'S post-confirmation plan payments may only be WAIVED by compliance with the provisions of 11 U.S.C. § 1329. Any default of post-confirmation plan payments may only be CURED by permission of the Standing Chapter 13 Trustee and compliance with such conditions as the TRUSTEE may impose.

**10. Post-Petition Claims:**
The DEBTOR(S) will not incur any post-petition consumer debt except after notice to creditors and approval by the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

*\* Variable payments are scheduled, please see Pro Forma, if attached.*

(H) **George T. Jubilee, Jr.**
(W)
(C#) **16-11290 amc**

**CHAPTER 13 PLAN**                                                                 *Page 3*

## Additional Provisions of the Plan

**In regards to U.S. BANK NATIONAL ASSOCIATION as TRUSTEE**

In regards to the Proof of claim no. 8 filed by US. Bank National Association c/o PA Housing Finance, Debtor will continue and maintain all regular post-petition monthly mortgage payments consistent with the terms of the mortgage and note while applying for a loan modification.  If a loan modification is not approved within 4 months (by June 30, 2017), the debtor will surrender the property securing the claim in full satisfaction of the claim.  Trustee will not make any payment to the Creditor on this claim.  Creditor shall retain its lien in the property.  The term "Surrended" shall mean that the debtor will execute a deed in lieu of foreclosure if requested by creditor, shall not oppose creditor's attempt to transfer or obtain possession of the property, will vacate property upon request of creditor, and provide creditor with copies of keys upon request of creditor.

DATED on this the  25th  day of  February , 2017 .

/s/ George T. Jubilee, Jr.
Debtor:    **George T. Jubilee, Jr.**

**John L. McClain and Associates**

/s/ John L. McClain
**John L. McClain**
Bar Number:  56081
PO Box 123
Narberth, PA 19072

Phone:  (215) 893-9357        Fax:  (888) 857-1967